USCA1 Opinion

 

 September 12, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT [NOT FOR PUBLICATION] ____________________ No. 93-2279 ERICO DAVIAS, A/K/A ERIC DAVIS, Plaintiff, Appellant, v. WARDEN, NEW HAMPSHIRE STATE PRISON, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ No. 93-2290 ERICO DAVIAS, Plaintiff, Appellant v. STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ __________________ Erico Davias on briefs pro se. ____________ ____________________ ____________________ Per Curiam. The judgments are affirmed in both of these __________ consolidated appeals. In No. 93-2279, plaintiff complains that one or more employees in the prison mailroom opened a piece of correspondence sent to him from federal district court. Incorporated into his amended complaint is a response to a grievance filed by plaintiff in connection with this incident, in which the warden explained that the mail had been opened by mistake. Based on this explanation, the magistrate-judge found that plaintiff was complaining of simple negligence on the part of defendant--a finding to which plaintiff has not objected. It is well settled that such an allegation fails to state a claim under 42 U.S.C. 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 328 ___ ____ _______ ________ (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or _________ injury to life, liberty, or property") (emphasis in original); Germany v. Vance, 868 F.2d 9, 11 (1st Cir. 1989). _______ _____ In No. 93-2290, plaintiff challenges the procedures surrounding his extradition from Louisiana to New Hampshire in June 1991. The district court (adopting the recommendations of the magistrate-judge) dismissed on res judicata grounds, finding that plaintiff had brought a similar challenge in a separate state-court suit. From the record before us, we are unable to confirm that judgment has issued in that proceeding. This is unimportant, however, -3- inasmuch as plaintiff's allegations here are identical to those advanced in an earlier federal action that was the subject of our decision in Davias v. New Hampshire, No. 93- ______ _____________ 1405 (1st Cir. Dec. 15, 1993) (per curiam). Dismissal of the instant action on res judicata grounds was thus plainly warranted--if not on the basis of plaintiff's state suit-- then on the basis of his earlier federal proceeding. The judgments are affirmed. ___________________________ -4-